# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

James A. Blaxton

June 16, 2010

Case No. (Civil) CL08-3717

BY JUDGE CHARLES E. POSTON

The Respondent, James A. Blaxton, was convicted of rape, forcible sodomy, and attempted sodomy in this court on September 13, 1989. Virginia Code § 37.2-900 classifies these crimes as "sexually violent offenses," predicate offenses for declaring an offender a "sexually violent predator."

Acting within the provisions of Virginia Code § 37.2-905, the Attorney General, on June 13, 2008, filed a petition for the civil commitment of the Respondent as a sexually violent predator ("SVP"). The action was tried to a jury on January 14, 2010, and the jury found the Respondent to be a sexually violent predator. After confirming the jury's verdict, the Court continued the trial to receive additional evidence on alternatives to commitment and ordered the Department of Behavioral Health and Developmental Services (the "Department") to prepare a conditional release plan.

The trial reconvened on March 1, 2010, and additional evidence was presented. Included with that evidence was the Department's SVP Conditional Release Plan. That plan addresses how the Respondent can be safely treated and supervised in the community if the Court grants conditional release. This plan gives no consideration to whether conditional release should or should not be granted.

## Conditional Release

If Respondent is granted a conditional release, the Department proposes that he live with Delores Manson, his mother, in Tavern Hill, Illinois. She lives on ten acres in a rural setting that is eleven miles away from her daughter's residence. In April 2008, an Illinois parole officer visited Ms. Manson's residence to determine if it was a suitable place for the Respondent to live. Ms. Manson testified that she has been apprised of the proposed conditions of release and that she will cooperate in effectuating them. The Respondent's sister, Lauri Manson, also expressed her willingness to assist her brother upon his release.

During his testimony, the Respondent described his completion of the Sex Offender Awareness Program during his incarceration. He later applied for entry into the Sex Offender Residential Treatment Program. According to his uncontradicted testimony, the Respondent's application was rejected because he was not considered a "high priority." Although the Respondent attempted to obtain sex offender treatment during the twelve years of his incarceration, he received none. It is ironic that the Commonwealth now seeks to detain him further at public expense for sex offender treatment, when it could have provided that treatment while he was serving his sentence.

After considering the evidence in its totality, the Court finds that the Respondent should be granted conditional release. There is, however, a remaining issue that could frustrate the granting of such a release. Because the Respondent desires to live with his mother in Illinois, the Attorney General asserts that such a placement is not feasible. The Civil Commitment of Sexually Violent Predator Act (the "SVPA"), Virginia Code § 37.2-900 *et seq.*, the Attorney General argues, does not authorize the interstate transfer of conditionally released respondents because commitment under this Act is civil in nature.

## Interstate Transfer

The Court's authority to declare a respondent a sexually violent predator and to commit or release him conditionally is granted solely by the SVPA. Although no section of the SVPA explicitly authorizes interstate transfer of conditionally released SVPs, nothing in the act bars such transfer. Considering the discretion given the Department to develop a SVP's conditional release plan and given the Department's ability to contract with both the Department of Corrections and other public entities,

the Department is within its authority to recommend and supervise the Respondent's interstate transfer. Such a transfer would be facilitated by the Interstate Compact for the Supervision of Adult Offenders (the "Compact"), provided that the terms of the Compact are not incompatible with those of the SVPA.

### New Jersey's Community Supervision for Life

To elucidate the likelihood of compatibility, the Court looks to an advisory opinion published by the Interstate Commission for Adult Offender Supervision (the "Commission"). Commission Advisory Opinion 9-2004 addresses whether individuals sentenced to Community Supervision for Life ("CSL") pursuant to New Jersey's "Violent Predator Incapacitation Act of 1994" ("VPIA") (N.J.S.A. 2C:43-6.4) may be subject to supervision under the Interstate Compact for Adult Offender Supervision (the "Compact"). The VPIA, part of New Jersey's criminal code, provides that individuals convicted of certain enumerated sexual offenses shall be sentenced to parole supervision for life, in addition to any other authorized sentence.

Reviewing the Compact's definition of "offender," the Commission found that CSL individuals meet the definition, as "adults placed under, or made subject to, supervision as the result of the commission of a criminal offense and released to the community under the jurisdiction of courts, paroling authorities, corrections, or other criminal justice agencies." Compact Rule 1.101(m). Specifically, the CSL offenders are under the jurisdiction of courts, and the conditions of their supervision are determined by New Jersey's Parole Board and enforced by criminal sanctions.

The Commission concluded that CSL offenders are subject to supervision under the Compact and upon proper application should be permitted to transfer to another compacting state for supervision.

### Virginia's Sexually Violent Predator Act

Virginia's Sexually Violent Predator Act outlines the procedures for the civil commitment of sexually violent predators. It provides that an individual found to be an SVP may be conditionally released upon court order. The releasing court then monitors the SVP's progress and may modify or remove conditions. The Department through its Office of Sexually Violent Predator Services or, if the SVP is on parole or

probation, the SVP's parole or probation officer, implements the court's conditional release orders and reports to the releasing court. The SVP may be taken into emergency custody upon the initiative of a judicial officer within the district of the SVP's violation. A conditionally released SVP who violates his conditions may face revocation of his conditional release and criminal prosecution.

Although New Jersey's CSL offender is a criminal status and Virginia's SVP is a civil status, they closely resemble one another and both satisfy the Compact's definition of "offender." Each is placed under supervision following commission of certain sexual crimes and each is released to the community under a court's jurisdiction to be supervised by parole and related authorities. As with CSL offenders, SVPs face severe criminal sanctions for failure to comply with their conditions of release. The two statutes are substantially similar in purpose and enforcement, despite the SVP's "civil" designation.

The authority to approve an offender for out-of-state placement lies exclusively within the discretion of the sending state. Commission Bench Book, 2010 Edition, p. 14, online: http://www.interstatecompact.org. The receiving state is obligated to accept an offender under certain conditions. The Respondent meets one such condition, as he has family, his mother, who resides in Illinois and is willing to support Respondent and assist him in satisfying his conditional release terms. Compact Rule 3.101.

In summary, it appears that transfer of the Respondent's supervision to Illinois under the Compact is appropriate and that such transfer is not restricted by the SVPA. The Court, then, holds that the Respondent may pursue conditional release to Illinois through the Compact.